UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 9:08-746-TLW-GCK |
| Plaintiff, | ) |
| vs. | ) REPORT AND<br>) RECOMMENDATION |
| Bill Shatterch, Director ATU Program, | ) |
| Defendant. | ) |

The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina Department of Corrections, but has since been released. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint named Mr. Bill NLN (no last name), Director ATU Program, and then Plaintiff filed an amended complaint which provided Defendant Bill Shatterch's full name. Defendant Shatterch is the only defendant in this case. The allegations against Defendant Shatterch appear to be related to his position as Director of the ATU Program at Lee Correctional Institution. Complaint at 1. Plaintiff seeks monetary damages. Complaint at 3.[2] The pleadings should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).



---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the pleadings referenced in this report are the page numbers assigned by the Electronic Case Filing (ECF) system found at the top of each page of the document on the docket.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The pleadings in this case have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).



This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, a *pro se* pleading is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-

18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004.[3] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

In March 2008, Plaintiff submitted for filing in this Court hundreds of hand written pages, a confusing array of documents, which appeared to be separate complaints against various defendants.[4] Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint form or captioned page. This Court construed the documents submitted as seven separate cases and grouped the

---

[3] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's contemporaneously filed case No. 9:08-742-TLW. A district court may take judicial notice of materials in the court's own files from prior proceedings. *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

[4] To confuse matters further, several service documents were interspersed throughout the papers, often with no relation to the documents to which they were attached.

apparent random documents into the seven cases.[5] In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis*. On May 5, 2008, orders were issued in each case permitting Plaintiff to bring the case into proper form by providing the filing fee or *in forma pauperis* motion. The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

The pleadings in this case name one Defendant that is apparently related to Plaintiff's incarceration at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections. The complaint makes allegations concerning enrollment in the ATU program, apparently related to prison substance abuse services. Complaint at 5-7. The complaint seeks monetary damages. Complaint at 3.

### Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the pleadings are filed pursuant to 42 U.S.C. § 1983 (§ 1983). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510

---

[5] The case numbers for the seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I. Failure to State a Claim

The complaint and amended complaint contain a mixture of brief narrative and lengthy legal conclusions that do not contain allegations that can be construed as a claim under § 1983. The pleadings do not allege facts that convey how Defendant Shatterch has violated a constitutional right of Plaintiff, but simply states a few facts and makes conclusory statements that rights have been violated.

The complaint contains factual allegations against Defendant Shatterch as follows, verbatim:

> the Defendant Mr. Bill, the Director of the ATU Prograham at Lee County Correctional Institutional at 990 Wisacky Hiway Bishopville SC 29010, Florence Buliding north side ATU Room # 1143. Deliberate and intentionally accepted me in the ATU Prograham and deliberate and intentionally had me signed the docoumation on October 31, 2007 at Lee Correctional Institutional.

Complaint at 1. The amended complaint makes further factual allegations as follows, verbatim:



> the defendant Mr. Bill Shatterch deliberate and intentionally failed to report to the apporaite authority at the time and now that the information in his files was incarcerate on the Plaintiff Harold Anderson to be placed in the ATU Prograham

Amended Complaint at 2. The pleadings make no other factual allegations against Defendant Shatterch. These brief narrative are followed by legal conclusions, such as the following:

> the Defendant Mr. Bill has committed wrong under color of law and violated

> funamental principles of fairness embodied in the United States Constitutional of America to cause the Plaintiff Harold Anderson defamate of character, emotionally pain, and suffering the Defendant Mr. Bill is not immune for suit when he acted with deliberate indifference misusing his authority [cite/quote omitted].

Complaint at 2, *see also* Amended Complaint at 3. Further legal conclusions are stated, but no further facts are provided. The facts provided simply state Defendant Shatterch enrolled Plaintiff in a prison program, and "failed to report" possibly inaccurate information in his files. The allegations do not state any action that violated a federal right. The pleadings fail to explain how the factual allegations are actions by the Defendant which violate Plaintiff's constitutional rights.

The pleadings' general claim that rights have been violated does not state a claim under § 1983. Although the Court must liberally construe the *pro se* pleadings, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v.*, _U.S._, 127 S.Ct. 1955, 1974 (2007). While Plaintiff is not required to plead facts sufficient to prove his case as

an evidentiary matter in the pleadings, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The allegations in the pleadings in this case fail to demonstrate the violation of Plaintiff's constitutional rights. This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The pleadings fail to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pendant Jurisdiction Over State Claims

Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Even if the pleadings were liberally construed to state a claim based on state law, such as defamation, the Court should decline to consider the state law claims alone. Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.



Because the pleadings fails to state a federal claim under § 1983, over which the Court would have original jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the pleadings *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.

August 19, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).